UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 9:04-CR-20-7 |
| | § | |
| LAWRENCE PENNINGTON | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed March 23, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on June 27, 2005, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of transporting illegal aliens, a Class C felony. This offense carried a statu-

tory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. Defendant was subsequently sentenced to 14 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare; mental health aftercare; and financial disclosure.

## II. The Period of Supervision

On June 29, 2005, defendant completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 23, 2006. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall participate in a program of testing and treatment for drug abuse as directed by the U.S. Probation Office. |
| Mandatory Condition: | Defendant must pay to the United States a special assessment of $100. |

| | |
|---|---|
| Standard Condition: | Defendant shall report to the U.S. Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| Standard Condition: | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |
| Special Condition: | Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as directed by the probation officer. |

As grounds, the petition alleges: (1) that defendant failed to report to Probations, as instructed, on January 4, 2006 and January 20, 2006; (2) that defendant failed to submit a truthful and complete written report in December 2005 and January 2006; (3) that defendant failed to notify his probation officer when his employment with Tyson's Foods was terminated; (4) that defendant failed to notify his probations officer ten days prior to his change of address; (5) that defendant failed to report to the Alcohol & Drug Abuse Counsel (ADAC) in Lufkin, Texas on nine separate occasions; (6) that defendant has not paid his special assessment of $100 to the United States; and (7) that defendant failed to report to a psychiatric evaluation on December 6, 2005.

### IV. Proceedings

On March 31, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear

evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a standard condition of supervised release by failing to report to Probations, as instructed, on January 4, 2006, and January 20, 2006, and by failing to submit a truthful and complete written report in December 2005 and January 2006. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose eight (8) months imprisonment; followed by no additional period of supervised release. Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

After announcing their agreement, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report to Probations, as instructed, on January 4, 2006 and January 20, 2006, and by failing to submit a truthful and complete written report in December 2005 and January 2006.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may

revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a condition of supervision by failing to report to Probations, as instructed, on January 4, 2006 and January 20, 2006, and by failing to submit a truthful and complete written report in December 2005 and January 2006, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

### VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

<u>**Findings:**</u>

Defendant pleaded "true" to an alleged violation of a standard condition: failing to report to Probations, as instructed, on January 4, 2006, and January 20, 2006, and failing to submit a truthful and complete written report in December 2005 and January 2006. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this standard condition of supervised release

in the manner alleged in the petition.  Defendant's violation is a Grade C violation with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with a condition of his supervision by failing to report as instructed by Probations.  As such, incarceration appropriately addresses defendant's violations.

## RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release by failing to report to Probations, as instructed, on January 4, 2006 and January 20, 2006, and by failing to submit a truthful and complete written report in December 2005 and January 2006, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of eight (8) months, with no further supervision thereafter.

4. Defendant should be placed in confinement at the Federal Correctional Institution in Texarkana, Texas.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the

proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __4__ day of April, 2006.

_____
Earl S. Hines
United States Magistrate Judge